IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN N. BRUNWASSER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00385 |
| ) | Judge Nora Barry Fischer |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## OPINION and ORDER

Plaintiff Allen N. Brunwasser ("Plaintiff") brought a cause of action against the United States of America[1] regarding the disposition of $1,782.00 in interest. Specifically, Plaintiff, the owner of numerous U.S. Treasury bills, alleges that the United States failed to send him a reinvestment notice regarding one of his Treasury bills, which, he asserts, caused a delay in his Treasury bill reinvestment, hence depriving him of one-month's interest on the bill--$1,782.00.

## PROCEDURAL BACKGROUND

Plaintiff originally commenced the instant action in the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. GD-07-3811. The United States subsequently removed the case pursuant to 28 U.S.C. §§ 1442 and 1446.

On July 13, 2007, Defendant filed Defendant's Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment (Docket No. 12) ("Defendant's Motion"). On November

---

[1] Plaintiff's Complaint originally named the Bureau of Public Debt as the sole Defendant. However, on December 17, 2007, Plaintiff filed Plaintiff's Motion to Declare United States has been Automatically Substituted for Defendant as a Matter of Law and Fact or, if this is Denied to United States has been Substituted for Defendant of Bureau of Public Debt (Docket No. 35), which, based on a lack of an objection by the Defendant, (*see* Docket No. 36), the Court granted on January 10, 2008, substituting the United States of America for the Bureau of Public Debt as the sole defendant in this matter, (*see* Docket No. 37).

1

6, 2007, Plaintiff filed "Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment is [sic] violates LR 5.1F and LR 56.1B1,2" (Docket No. 27). After a lengthy request for extension of time granted by the Court, on November 16, 2007, Plaintiff filed Plaintiff's Answer to Defendant's Motion for Summary Judgment (Docket No. 25) as well as Plaintiff's Response to Defendant's F.R.C.P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 26). On December 12, 2007, the Defendant filed Defendant's Reply Brief in Support of Motion to Dismiss. (Docket No. 34). On December 17, 2007, the Plaintiff filed a Motion to Amend by Adding 28 U.S.C. 1346(a)(2) as a Jurisdictional Authority (Docket No. 35, at 3-5). On January 11, 2008, the United States of America filed Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend by Adding 28 U.S.C. § 1346(a)(2) as a Jurisdictional Authority (Docket No. 38). On January 22, 2008, Plaintiff filed Plaintiff's Answer to Defendant's January 11, 2008 Response (Docket No. 40).

In his complaint, Plaintiff asserts jurisdiction under 28 U.S.C. § 1352. However, in reply to the Defendant's motion to dismiss, Plaintiff asserts additional (and/or alternative) bases for jurisdiction, including The Little Tucker Act, 28 U.S.C. § 1346(a), and The Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). In its responsive filings, the United States addresses the Plaintiff's alternative jurisdictional claims. Therefore, in the interests of judicial economy and efficiency, the Court will review each of these purported bases of jurisdiction.

## STANDARD OF REVIEW

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (U.S. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Moreover, when a

movant invokes multiple bases for a motion to dismiss, the court should consider the Rule 12(b)(1) challenge first because all other defenses will become moot if the court must dismiss the complaint for lack of subject matter jurisdiction. *Hoyoung Song v. Klapakas*, Case No. 06-05589, 2007 U.S. Dist. LEXIS 27203, at *2 (E.D. Pa. April 12, 2007) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). Accordingly, the Court will first consider Defendant's challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) under the three proffered theories of jurisdiction.

Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When a defendant attacks a complaint on its face, it "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [Plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001). When a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977). With respect to the present matter, Defendant asserts a factual argument regarding subject matter jurisdiction. (Defendant's Motion, at 2).

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the

burden of persuasion. *Kehr Packages*, 926 F.2d at 1409; *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Furthermore, while a court's review of a motion to dismiss is ordinarily limited to the contents of the complaint, including any attached exhibits, a court may consider some evidence beyond a complaint on a motion to dismiss "including public records ..., documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, Case No. 06-1346, 2007 U.S. Dist. LEXIS 73069, at *2 (E.D. Pa. Sept. 27, 2007) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 n.1 & 2 (3d Cir. 1995)) (internal citation omitted); *see also United States ex rel. Atkinson v. Pa. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).

In addressing the instant motion, the Court is mindful of the above standards.

## ANALYSIS

Essentially, Plaintiff proffers three bases of jurisdiction: 28 U.S.C. § 1352, 28 U.S.C. § 1346(b), and 28 U.S.C. § 1346(a)(2). The Court will consider each in turn.

A.   *28 U.S.C. § 1352*

The United States moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the basis that Plaintiff's claim is not covered by 28 U.S.C. § 1352, and therefore, does not provide a waiver of sovereign immunity. To that end, Defendant raises two arguments: (1) that a Treasury bill is not a "bond" under this statute; and (2) that Plaintiff's cause of action is not an "action on a bond" within the meaning of § 1352.

As an initial point, the Court notes that the United States did not argue whether § 1352 acts as a waiver of sovereign immunity. However, because the Court believes that this analysis is appropriate here, the Court will first analyze whether § 1352 acts as a waiver of sovereign immunity

4

in any case, and subsequently address the merits of the proffered arguments.

It is well established that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941); 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3654, pp. 156-157 (1976)). *See also Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). Thus, in order for a court to have subject matter jurisdiction over the United States of America, the statute conferring the same must waive sovereign immunity.

In the present matter, Plaintiff claims that 28 U.S.C. § 1352 confers subject matter jurisdiction upon this Court. However, Plaintiff fails to demonstrate how this statute acts as a specific waiver of sovereign immunity. Section 1352 provides that:

> The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1352. When analyzing a statute to determine whether it acts as a waiver of sovereign immunity, the Supreme Court has instructed that a waiver of sovereign immunity must be unequivocally expressed in the text of the statute and the scope of a court's inquiry shall be limited to the plain language of the statute.[2] *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005). The requirement of sovereign immunity creates a presumption that the United States cannot be sued. *Eastern Transp. Co. v. United States*, 272 U.S.

---

[2] In fact, the Supreme Court has instructed that "[a] statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; 'the unequivocal expression of elimination of sovereign immunity that we insist upon is an expression in statutory text.'" *Lane*, 518 U.S. at 192 (quoting *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992)).

675, 686 (1927). Therefore, the scope of a waiver of sovereign immunity must be strictly construed in favor of the United States, and the Court must not enlarge the waiver beyond that provided by the statute. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986).

After reviewing the plain language contained in 28 U.S.C. § 1352, it is clear that the same does not waive sovereign immunity as it is devoid of any language indicating that the United States consents to be sued. In comparison, other statutes that waive sovereign immunity do so explicitly.[3] Instead, § 1352 merely acts as a general grant of jurisdiction allowing district courts to hear cases between private parties concerning bonds issued pursuant to a federal law. Additionally, other courts have determined that § 1352 does not act as a waiver of sovereign immunity. For example, in *Indiana Lumbermans Mutual Ins. Co. v. The Veterans Administration*, the Plaintiffs proffered § 1352, among several other statutes, as a waiver of sovereign immunity investing that Court with subject matter jurisdiction over the matter. *Lumbermans*, 1988 U.S. Dist. LEXIS 18355, at *1 (E.D. Mo. 1988). The District Court held that none of the proffered statutes, including § 1352, waived sovereign immunity, and subsequently dismissed the case for lack of subject matter jurisdiction. *Id.*

The Court's conclusion also finds support in the Revisor's Note to the 1948 Code, which instructs that § 1352 gave jurisdiction to the district courts over actions on a bond issued under the laws of the United States when the diversity or amount in controversy requirements have not been

---

[3] For example, both the Tucker Act and the FTCA explicitly waive sovereign immunity by stating that the district courts shall have jurisdiction over claims against the United States. *See* 28 U.S.C. § 1346(a)(2) (granting the district courts original jurisdiction of any other civil action or claim "against the United States ..."); 28 U.S.C. § 1346(b)(1) (providing that the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States ...").

met.[4] The Note makes no reference to a waiver of sovereign immunity. Furthermore, case law reflects the purpose of § 1352 as a grant of general jurisdiction, for example conferring subject matter jurisdiction in cases between private parties involving surety bonds as required by government regulations. *See Del Hur, Inc. v. National Union Fire Ins. Co.*, 94 F.3d 548 (9th Cir. 1996); *West Pacific Sales Co. v. Harder Industrial Contractors, Inc.*, 225 F. Supp. 699 (D.Or. 1963); *Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975 (11th Cir. 2000); *Adams v. Greeson*, 300 F.2d 555 (10th Cir. 1962). Thus, § 1352 does not waive sovereign immunity. Accordingly, because this Court's subject matter jurisdiction is dependant upon the United States' consent to suit, the Court lacks subject matter jurisdiction to hear the instant matter. *See Mitchell*, 463 U.S. at 212.

In addition and regardless of sovereign immunity, the Court also agrees with the United States' argument that § 1352 is inapplicable to the case at hand. In fact, the U.S. Court of Appeals for the Eighth Circuit has already determined that a Treasury bond is not a "bond" within the meaning of § 1352. *See Mudd v. Teague*, 220 F.2d 162, 163 (8th Cir. 1955) (holding that an action on a bond could not have included Treasury bonds).[5] In the same vein, Plaintiff's claim does not

---

[4] "This section is necessary to permit actions in the district courts upon any bond authorized by a law of the United States. In the absence of this new provision, such actions could not be maintained except by the United States, where the amount and other jurisdictional requisites did not exist. The new section also makes clear that it does not affect the right to prosecute such actions in State Courts." 13 B. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3572, 186 (1984)(quoting The Revisor's Note to the 1948 Code).

[5] The Court notes that there is no material difference between a Treasury bond and a Treasury bill. The United States attempts to distinguish a Treasury bill from a Treasury Bond based on the fact that they have different maturity dates, par values, etc. *Compare* 31 C.F.R. § 356.5(a)(defining a Treasury bill) *with* 31 C.F.R. § 356.5(c)(1)(defining a Treasury bond). However, the Court finds that these differences have no bearing upon the issue at bar, regarding whether securities issued by the United States fall within the ambit of § 1352.

involve an "action on a bond" within the meaning of § 1352. Plaintiff alleges that the United States failed to send him a reinvestment notice preventing him from immediately reinvesting his Treasury bill. According to the Plaintiff, this alleged delay in his reinvestment caused him a loss in interest earned. However, Plaintiff admits that his bill was returned to him. Thus, Plaintiff complains that the United States had a duty to send him a reinvestment notice, and this failure caused a loss of interest that could have been earned had he been able to immediately reinvest his Treasury bill. Therefore, the crux of Plaintiff's argument hinges upon whether the United States had a duty to send him a reinvestment notice. This complaint, while it references the reinvestment notice regarding the bond, does not directly pertain to the bond itself, and therefore it is not an "action on a bond" within the ambit of § 1352. This conclusion finds support within other jurisdictions which have held that once a bond has been returned there can no longer be an "action on a bond" under § 1352. *Buddy Systems, Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1168-69 (9th Cir. 1976) (holding that once a bond has been returned there can no longer be an "action on a bond" under § 1352). Hence, Plaintiff's claim is not an "action on a bond" within the meaning of § 1352.

Therefore, § 1352 does not waive sovereign immunity. Moreover, specifically to Plaintiff's claim, § 1352 does not confer subject matter jurisdiction upon the Court. Accordingly, the Court will grant Defendant's motion to dismiss to the extent it seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1352.

B.     *28 U.S.C. § 1346(b)(1)*

The Plaintiff provides the FTCA as an alternative basis for the Court's subject matter

jurisdiction over the present matter.[6] Although not set forth in his Complaint, relying on the FTCA, Plaintiff claims that Defendant acted negligently in failing "to perform its assumed duty to maintain accurate records and notify plaintiff of his renewal option before his Treasury bill matures ... ." (Docket No. 26, at ¶2).

The FTCA is well recognized for providing a limited waiver of sovereign immunity which allows the government to be sued for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office of employment ... ." 28 U.S.C. § 1346(b). Additionally, the United States will only be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, 28 U.S.C. § 2680 presents an extensive list of exceptions which limits the waiver of sovereign immunity, and accordingly, limits a court's subject matter jurisdiction under the FTCA. *Id.*

In the present matter, the United States argues that the Plaintiff's claim is essentially one of negligent misrepresentation, and notes that misrepresentation is listed under 28 U.S.C. § 2680(h) as an exception to the waiver of sovereign immunity. Under the FTCA, negligent misrepresentation is defined as "the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs ... ." *United States v. Neustadt*, 366 U.S. 696, 706-07 (U.S. 1961). While 28 U.S.C. § 2680(h) specifically excepts a claim of "misrepresentation," the Supreme Court has held that 2680(h) incorporates both the willful

---

[6] While the Plaintiff neither pled the FTCA as a jurisdictional basis in his Complaint nor moved to amend to add the same, because both parties briefed the potential applicability of the FTCA and in the interests of judicial economy and efficiency, the Court will nevertheless address the same here.

and negligent forms of this tort into the exception. *United States v. Neustadt*, 366 U.S. 696, 701 (1961). Furthermore, the U.S. Court of Appeals for the Fifth Circuit has noted that the negligent misrepresentation exception "extends to failures of communication." *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (5th Cir. 2003) (citations omitted); *see also JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1266 (11th Cir. 2000) (holding that the misrepresentation exception encompasses both the failure to communicate and direct miscommunication). While the Court recognizes that Plaintiff has never specifically alleged the tort of negligent misrepresentation, " '[i]t is the substance of the claim and not the language used in stating it which controls' whether the claim is barred by an FTCA exception." *JBP Aquisitions, LP v. United States*, 224 F.3d 1260, 1264 (11th Cir. 2000)(quoting *Gaudet v. United States*, 517 1034, 1035 (5th Cir. 1975)).

In pleading his tort claim, to the extent that he intended to plead the same in his Complaint, Plaintiff offers one sentence: "plaintiff has a federal tort claim action for defendant's negligent failure to perform its assumed duty to maintain accurate records and notify plaintiff of his renewal option before his treasury bill matures ... ." (Docket No. 26, at ¶2). While the Plaintiff states a general claim of negligence, the crux of his argument turns upon the United States' alleged lack of communication regarding his renewal notice. Therefore, his claim sounds in negligent misrepresentation, and 28 U.S.C. § 2680(h) restricts the application of the FTCA in such a case. *See JBP Acquisitions*, 224 F.3d at 1264 ("[t]he exception covers actions for negligence when the basis for the negligence action is an underlying claim for misrepresentation"). The application of the exception removes the Court's subject matter jurisdiction to hear the instant matter.[7]

---

[7] With respect to the FTCA, the United States offers two more arguments in support of dismissal: (1) the Court lacks subject matter jurisdiction to hear the present matter because it was

C. *The Little Tucker Act, 28 U.S.C. § 1346(a)(2)*

As his last basis for jurisdiction, the Plaintiff proffers the Little Tucker Act, 28 U.S.C. 1346(a)(2), as conferring subject matter jurisdiction upon the Court. In order to determine whether the Little Tucker Act applies to this litigation one must first analyze the scope and application of this Act. The Little Tucker Act provides:

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2). Congress passed the Tucker Act in 1887 as a response to the deficiencies of the original Court of Claims legislation. 14 Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 3d § 3657 (1998). It was intended to act as a waiver of sovereign immunity allowing aggrieved parties the ability to sue the United States. *Id.* In 1964, Congress revised the Tucker Act to give the district courts concurrent jurisdiction with the Court of Claims as long as the amount in controversy is less than $10,000 dollars. *Id.* This revision has since become known as

---

removed from the state court and the FTCA provides that the district courts shall have "exclusive jurisdiction" of civil actions on claims against the United States and thus the state court never had jurisdiction, and (2) the Plaintiff named the wrong defendant, i.e., Bureau of Public Debt. As to the former, because the Court finds that it does not have subject matter jurisdiction over Plaintiff's claim by way of the FTCA, the Court declines to address the same. And, as to the latter, Defendant's argument is moot. *See supra*, n.1.

the Little Tucker Act, due to the reduction in the amount in controversy requirement. *Id.*

Currently, the Tucker Act and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, provide the sole waivers of sovereign immunity when litigating contract claims against the United States of America. The CDA largely applies to government contracts regarding the procurement of property, services, construction, etc. 41 U.S.C. § 602(a). As a result, most government contracts will fall within the scope of the CDA, and are governed by the Federal Acquisition Regulations ("FAR").

The Little Tucker Act provides an alternate waiver of sovereign immunity for claims of breach of contract brought against the United States for claims under $10,000 dollars, which are not covered by the CDA. *See e.g. Eastport Steamship Corp. v. United States*, 372 F.2d 1002 (Ct. Cl. 1967); *See also Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004). These contracts may be express or implied.[8] 28 U.S.C. § 1346(a)(2); *See also Hercules Inc. v. United States*, 516 U.S. 417, 423 (1995). However, the Little Tucker Act is merely a jurisdictional waiver of sovereign immunity, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, in order for the Little Tucker Act to apply to a breach of contract claim, a plaintiff must allege a claim for money damages upon a contract that falls within the ambit of the Act.

In the instant case, both parties agree that the Treasury bill represents a contract between the

---

[8] Express contracts and implied-in-fact contracts are agreements of a type wherein the assent of the Government to be sued is indirectly manifested. But a contract implied in law is not the same, and imports a contractual obligation in the absence of intention to be bound. To permit suit on such contracts detracts from the principles that the United States cannot be sued without its consent and that the consent must be express and not implied. *Stewart Sand & Material Co. v. Southeast State Bank*, 318 F. Supp. 870, 874 (D.C. Mo. 1970).

12

Plaintiff and the United States. (*See* Docket No. 28 at ¶1; Docket No. 32, at 10). Furthermore, the United States, relying on *United States v. Dauphin Deposit Trust Co.*, points out that "[t]he statutes regulations, and circulars governing marketable securities such as a Treasury bill constitute a contract between the purchaser of the security and the United States, and furthermore, set forth the scope of the terms of the contract." (Docket No. 32, at 10) (citing 50 F. Supp. 73, 76 (M.D. Pa. 1943)). The crux of the United States' argument is that none of the above documents include a requirement that the United States send the Plaintiff a reinvestment notice and therefore, the argument goes, this case must be dismissed for lack of subject matter jurisdiction. However, the United States' argument requires an analysis into the terms of the contract, which, based on the materials before the Court at this time, the Court cannot do. Accordingly, at this time, the Court declines to address Defendant's motion to the extent that it seeks dismissal of Plaintiff's claim pursuant to Rule 12(b)(6) or Rule 56.

Finally, relying on Federal Rule of Civil Procedure 15(a), the United States argues that Plaintiff should not be given leave to amend his Complaint because any amendment would be futile. However, at this stage, the Court cannot agree. The Court agrees with Defendant that Plaintiff cannot base subject matter jurisdiction on 28 U.S.C. § 1352 or the FTCA. However, while Plaintiff has failed to *properly plead* the necessary requirements for a claim under the Little Tucker Act, Plaintiff's reply to Defendant's motion as well as his motion to amend both allege breach of contract under the same and, based thereon, the Court cannot say that Plaintiff's proposed breach of contract claim under the Little Tucker Act is futile.[9]

---

[9]

Moreover, Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time *before a responsive pleading is served ...* ." Fed.R.Civ.P. 15(a) (emphasis added). In this case, the United States has not yet filed a "responsive pleading" to the Plaintiff's complaint but only a motion to dismiss. *See United States v. Snyder*, No. 06cv0141, 2007

**CONCLUSION**

Accordingly, based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint or, in the alternative, for Summary Judgment [12] to the extent that said motion seeks dismissal of Plaintiff's Complaint under Rule 12(b)(1). However, the Court also GRANTS Plaintiff's Motion to Amend by Adding 28 U.S.C. 1346(a)(2) as a Jurisdictional Authority [35] and ORDERS that Plaintiff shall file his amended complaint in compliance with this Opinion on or before April 17, 2008. Finally, because the Court declines to reach the merits of Defendant's motion for summary judgment, the Court DENIES as moot "Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment Because Is [sic] Violates LR 5.1F and LR 56.1B1,2" [27].

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 17, 2008

cc/ecf: Allen N. Brunwasser

All Counsel of Record

---

WL 1029781, at *2 (W.D. Pa. Apr. 2, 2007) ("Motions to dismiss and other motions filed pursuant to Fed.R.Civ.P. 12 are not 'responsive pleadings,' the filing of which will operate to cut off a plaintiff's right to amend a complaint "once as a matter of course at any time before a responsive pleading is served"). Thus, Plaintiff did not need leave of court to file an amended complaint adding the Little Tucker Act as a jurisdictional basis.