# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN N. BRUNWASSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0385 |
| ) | Judge Nora Barry Fischer |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

This matter is before the Court on a Motion to Vacate (Docket No. 58) filed by Plaintiff, Allen N. Brunwasser ("Plaintiff"), on September 18, 2008. Plaintiff moves to vacate the Court's Order dated September 4, 2008 (Docket No. 57), which denied Plaintiff's Motion to Strike Defendant United States of America's ("Defendant") Exhibits C and B.[1] (Docket No. 50). These exhibits were attached to Defendant's Brief in Support of its Motion to Dismiss (Docket No. 48) pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).[2] Based on the following, said Motion is DENIED.

Plaintiff argues that the Court "sua sponte overruled the previous orders of October 9, 2007 and September 3, 2008" which held that the disputed exhibits were not properly before the Court in

---

[1] Exhibit B is an affidavit of Margaret H. Carozza, in which she states that her official position is a GS-14 Policy and Program Analyst, Division of Program Analysis, Bureau of Public Debt, Department of the Treasury. (Docket No. 48, Ex. B, ¶2). Exhibit C is an email from Jame E. Nelson, a Generalist for the Treasury Services at the Federal Reserve Bank of Philadelphia. The contents of the email message are specifically at issue in this case, that is, whether Plaintiff received this notice for his Treasury Bill. (Docket No. 56 at 7-8).

[2] Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on June 27, 2008. (Docket No. 47). Plaintiff filed his response to said motion, titled "Statement of Questions of Law," on September 23, 2008. (Docket No. 59). As the motion has been fully briefed, the Court has taken it under advisement. Additionally, a settlement conference is scheduled for November 3, 2008 at 3:00 p.m. The parties were ordered to file a joint proposed settlement agreement on or before October 30, 2008. (Docket No. 62).

1

Defendant's Motion to Dismiss Plaintiff's Complaint. (Docket No. 58 at 1). Plaintiff further argues that the Court failed to consider his objection to the use of the exhibits and, erroneously, discussed the scope of FED. R. CIV. P. 12(b)(1). (*Id.*). Plaintiff maintains his previous argument that the exhibits are inadmissible. (*Id.* at 3-4).

Defendant filed a Response in Opposition to Plaintiff's Motion to Vacate on October 2, 2008. (Docket No. 63). In said response, Defendant argues that the Plaintiff "appears to seek reconsideration" of its previous Order and that Plaintiff "merely expresses his dissatisfaction with the Court's Order." (*Id.* at 1-2). Defendant further argues that the motion should be denied because Plaintiff has failed to raise any newly discovered evidence or manifest errors of law, which, Defendant argues, are required in a motion for reconsideration. (*Id.* at 1).

The Court agrees with Defendant that Plaintiff's Motion to Vacate seeks reconsideration of its Order on the basis that Plaintiff continues to argue that the exhibits are inadmissible, while stating that this issue was already decided in his favor. (Docket No. 58 at 3). As such, the Court will analyze Plaintiff's instant motion as one for reconsideration.

A motion for reconsideration is "not to be used to reargue or relitigate matters already decided." *Gagliardi v. United States*, 1996 U.S App. LEXIS 15593, at *11 (3d Cir. 1996) (quoting *Waye v. First Citizens Nat'l. Bank*, 846 F.Supp. 310, 214 n.8 (M.D. Pa. 1994)). Furthermore, a motion for reconsideration may only be granted to correct manifest injustice or upon newly discovered evidence. *N.L. Indus. Inc. v. Comm. Union Ins. Co.*, 65 F.3d 314, 324 n.8 (3d Cir. 1995); and *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Here, Plaintiff has neither raised any newly discovered evidence nor argued that his motion should be granted to correct manifest injustice. Instead, the Court finds that Plaintiff's arguments

2

merely express his disagreement with the Court's interpretation of the Federal Rules of Civil Procedure and the case law interpreting them. Moreover, the Court notes that it did not sua sponte overrule herself in the Order of September 4, 2008. (Docket No. 57). The Court's Order of October 9, 2007 struck the disputed exhibits on the basis that they were admitted by Defendant in support of its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 12) pursuant to FED. R. CIV. P. 12(b)(6) and 56. In said Order, the exhibits were stricken without prejudice so that Defendant could resubmit the information in the proper format. (Docket No. 24 at 1). Also discussed therein, a court may not consider such evidence in deciding a Rule 12(b)(6) motion, but may consider such evidence in evaluating a Rule 12(b)(1) motion. (*See* Docket No. 57 at 2). Thus, the Court found that the Defendant resubmitted the information in the proper format. Accordingly, the Court **DENIES** the Plaintiff's Motion to Vacate [58].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 14, 2008.

cc/ecf: All counsel of record.
       Allen N. Brunwasser