IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN N. BRUNWASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action: 2:07–cv-00385 |
| | ) | |
| BUREAU OF THE PUBLIC DEBT, | ) | Judge Nora Barry Fischer |
| | ) | Magistrate Judge Amy Reynolds Hay |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the Motion to Enforce Settlement Agreement, Dkt. [83], be granted and that Plaintiff be required to execute the Release and Stipulation for Compromise Settlement (Exhibit A to Dkt. [86]) within 5 business days of the entry of the court's order.

REPORT

On February 13, 2009, the parties met with the undersigned in an effort to settle the instant lawsuit. At this conference, the parties ultimately reached a settlement for a sum certain. The parties further agreed that the Defendant would provide to Plaintiff, and Plaintiff would sign, the government's standard settlement/release agreement. Subsequently, however, Plaintiff refused to sign the standard Release and Stipulation for Compromise Settlement and offered instead a handwritten release that Plaintiff contends is sufficient. Defendant then filed the instant Motion to Enforce Settlement Agreement.

Discussion

The District Court has jurisdiction to enforce a settlement agreement entered into by

parties in a case pending before it.  See, e.g., Ballato v. General Electric, 147 F.R.D. 95, 97 (E.D.Pa. 1993).  This jurisdiction is grounded in the policy that favors the amicable resolution of disputes and the avoidance of costly and time-consuming litigation.  Pugh v. Super Fresh Food Markets, Inc., 640 F.Supp. 1306, 1307 (E.D.Pa. 1986).

In response to the Defendant's motion, Plaintiff asserts that he "did not agree to sign [the Release and Stipulation for Compromise Settlement] or any similar document."  Dkt. [84] at ¶ A. The evidence, however, is to the contrary.  Indeed, Plaintiff *did* agree to sign this standard release, as evidenced by his signature under "AGREED" on the Confidential Memo to Chambers File,[1] which states that "[P]laintiff will execute the standard settlement/release agreement presented by the defendant, which will not be filed with the Court."  See attached.  Hence, Plaintiff should honor his agreement.

Plaintiff raises two additional reasons for refusing to sign the release document.  First, he argues that because he is involved in a dispute with the IRS, he believes that the United States has an "undisclosed intent to attach" any forthcoming settlement check in this case, which would then require Plaintiff to seek a refund from the IRS.  Plaintiff demands assurances from counsel for the Defendant here that such an attachment will not occur.

As counsel for the Defendant has correctly indicated, she is not in a position to make any representations regarding the outcome or consequences to Plaintiff as a result of any dispute or litigation with the IRS, a governmental entity that is not a party to this litigation.  Nevertheless, counsel for Defendant has indicated that "after reasonable investigation, it does not appear that

---

[1] The memorandum was intended to be "confidential" only so as to not reveal the amount of the settlement, which Plaintiff has now made a matter of record in his Answer to Motion to Enforce, Dkt. [84], ¶ A.

any federal government program would require or result in offset, or attachment, of a settlement check in this litigation." Dkt. [86] at p. 2. It thus appears that Plaintiff's fears of an offset or attachment are not well founded.

Plaintiff also objects to the language in the release that "Plaintiff shall be responsible for the total amount of any federal, state, and local taxes due on the settlement payment." See Dkt. [83-3], p. 6 at ¶4.d. Defendant has now agreed to remove this language from the release and has presented for Plaintiff's signature a revised release that in fact has omitted this language. See Dkt. [86] at Exhibit A. Thus, Plaintiff's objection here has been resolved in his favor.

It appearing that Plaintiff agreed to execute the precise document that he now opposes and that his opposition is unfounded, the court should grant the Defendant's Motion to Enforce Settlement Agreement and require Plaintiff to execute the revised Release and Stipulation for Compromise Settlement (Exhibit A to Dkt. [86]) within 5 business days of the entry of the court's order.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                          Respectfully submitted,

                                          */s/ Amy Reynolds Hay*
                                          United States Magistrate Judge

Dated: 9 April, 2009

cc: Hon. Nora Barry Fischer
United States District Judge

Allen N. Brunwasser, Esq.
P.O. Box 22212
Pittsburgh, PA 15222

All counsel of record by Notice of Electronic Filing